1  Michael J. Wise, Bar No. 143501
   MWise@perkinscoie.com
2  Lauren Sliger, Bar No. 213880
   LSliger@perkinscoie.com
3  Lara J. Dueppen, Bar No. 259075
   LDueppen@perkinscoie.com
4  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
5  Los Angeles, CA  90067-1721
   Telephone:  310.788.9900
6  Facsimile:  310.788.3399

7  Attorneys for Plaintiffs
   *FONTEM VENTURES B.V.* and
8  *FONTEM HOLDINGS 1 B.V.*

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  FONTEM VENTURES B.V., a Netherlands company; and FONTEM HOLDINGS 1 B.V., a Netherlands company, | Case No. CV14-1648 |
| 14 | **COMPLAINT FOR PATENT INFRINGEMENT** |
| 15 | |
| 16              Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| 17       v. | |
| 18  LOEC, Inc., dba blu ecigs., a Delaware corporation, and DOES 1-5, Inclusive, | |
| 19              Defendant. | |

20

21

22

23

24

25

26

27

28

Complaint for Patent Infringement

1    For its Complaint against Defendant LOEC, INC. ("Defendant"), Plaintiff

2 Fontem Ventures B.V. ("Fontem Ventures") and Plaintiff Fontem Holdings 1 B.V.

3 ("Fontem Holdings") allege as follows:

4                    **JURISDICTION AND VENUE**

5    1.    This is a civil action for patent infringement arising under the patent

6 laws of the United States, 35 U.S.C. §§ 101, et seq., and in particular § 271.

7    2.    This Court has subject matter jurisdiction over this patent infringement

8 action under 28 U.S.C. §§ 1331 and 1338(a).

9    3.    This Court has personal jurisdiction over Defendant because it solicits

10 and conducts business in California, including the provision of goods over the

11 Internet, derives revenue from goods sold in California and within this judicial

12 district, and has committed acts of infringement in this judicial district.

13    4.    Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and

14 (c), and 1400(b).

15                    **PARTIES**

16    5.    Plaintiff Fontem Ventures is a company organized and existing under

17 the laws of the Netherlands, with its principal place of business at 12th Floor, 101

18 Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands.  Fontem Ventures is

19 in the business of developing innovative non-tobacco products, including electronic

20 cigarettes.

21    6.    Plaintiff Fontem Holdings is a company organized and existing under

22 the laws of the Netherlands, with its principal place of business at 12th Floor, 101

23 Barbara Strozzilaan, 1083 HN Amsterdam, The Netherlands.

24    7.    Plaintiffs Fontem Ventures and Fontem Holdings (together, "the

25 Plaintiffs") are informed and believe that: Defendant LOEC, Inc. ("LOEC") is a

26 corporation organized and existing under the laws of the State of Delaware, having

27 its principal place of business at 714 Green Valley Rd., Greensboro, North

28 Carolina, 27408, USA.  LOEC is doing business in this judicial district related to

1    the claims asserted in this Complaint.

2          8.     The true names and capacities, whether individual, corporate,

3    associate, or otherwise of defendants sued herein as DOES 1 through 5, inclusive,

4    are unknown to the Plaintiffs at the present time, and the Plaintiffs therefore sue

5    said Defendants by such fictitious names.  The Plaintiffs, after obtaining leave of

6    court, if necessary, will amend this Complaint to show such true names and

7    capacities when the same have been ascertained.

8                          **FIRST CAUSE OF ACTION**

9                    (Infringement of U.S. Patent No. 8,365,742)

10         9.     The Plaintiffs incorporate by reference the allegations contained in

11   paragraphs 1-8 above.

12         10.    Plaintiff Fontem Holdings is the owner of the entire right, title, and

13   interest in and to United States Patent No. 8,365,742 ("the '742 Patent") and

14   Plaintiff Fontem Ventures is the exclusive licensee of the '742 Patent.  The '742

15   Patent was duly and legally issued by the United States Patent Office on February

16   5, 2013 and is valid, subsisting, and in full force and effect.  A copy of the '742

17   Patent is attached to the Complaint as Exhibit A.

18         11.    The Plaintiffs are informed and believe that: Defendant has had

19   knowledge of the '742 Patent, and of the Plaintiffs' rights therein, at least as of

20   February 13, 2014.  On this date, a Joint Status Report containing an assignment

21   document identifying Plaintiff Fontem Holdings as the owner of the '742 Patent

22   was filed in a related case.[1]  The Joint Status Report was reviewed and signed by

23   Defendant's counsel.  Defendant shall have additional knowledge of the '742 Patent

24   _____

25         [1]*See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in
26   *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF
     (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case
     Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF
27   (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472
     GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV
28   12-06268 GAF (FFMx).

1   as of the date of service for the present Complaint.

2       12.    The Plaintiffs are informed and believe that: Defendant has directly

3   infringed the '742 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or

4   through its agents, unlawfully and wrongfully making, using, importing, offering to

5   sell, and/or selling electronic cigarette products embodying one or more of the

6   inventions claimed in the '742 Patent, within and/or from the United States without

7   permission or license from the Plaintiffs, and will continue to do so unless enjoined

8   by this Court.  Examples of electronic cigarette products that directly infringe the

9   '742 Patent include, but are not limited to, (1) blu Rechargeable Electronic

10  Cigarettes as found in Starter Kits such as the blu Starter Pack, the blu Premium

11  Starter Kit, the blu Premium100 Starter Kit, and the blu Original Starter Kit; (2) blu

12  Electronic Cigarette Flavor Cartridge refill packs for use with blu eCig Batteries

13  purchased separately or as part of a blu Starter Pack, blu Premium Starter Kit, blu

14  Premium100 Starter Kit, or blu Original Starter Kit; (3) blu eCig Batteries; and

15  (4) blu Disposable Electronic Cigarettes.  Such products infringe at least claims 2

16  and 3 of the '742 Patent.

17      13.    The Plaintiffs are informed and believe that: Defendant has contributed

18  to the infringement of the '742 Patent in violation of at least 35 U.S.C. § 271(c) by,

19  itself and/or through its agents, contributing to the direct infringement of the '742

20  Patent by its customers by unlawfully and wrongfully making, using, importing,

21  offering to sell, and/or selling electronic cigarette components having no

22  substantially non-infringing use, which, when purchased and/or used by its

23  customers, result in direct infringement of one or more embodiments of the

24  inventions claimed in the '742 Patent, within and/or from the United States without

25  permission or license from the Plaintiffs, and will continue to do so unless enjoined

26  by this Court.  Examples of electronic cigarette components that have no substantial

27  noninfringing uses and that contribute to the direct infringement of the '742 Patent

28  include, but are not limited to, (1) blu Electronic Cigarette Flavor Cartridge refill

packs ("blu E-Cig Cartridges") for use with blu eCig Batteries purchased separately or as part of a blu Starter Pack, blu Premium Starter Kit, blu Premium100 Starter Kit, or blu Original Starter Kit; and (2) blu E-cig Batteries.

14.     The Plaintiffs are informed and believe that: Having knowledge of the '742 Patent, Defendant has been aware that its blu E-Cig Cartridges and blu E-cig Batteries, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '742 Patent.  Defendant states on its website that "[w]hen [a] cartridge no longer produces vapor" it should be replaced.[2]  To replace the cartridge, the website teaches users to "hold the battery with one hand and unscrew the cartridge from the battery," and to "take a new cartridge and screw it onto the battery."[3]  It also instructs users to replace an empty battery with a fresh battery by "secur[ing] the cartridge in one hand and unscrew[ing] the battery from the cartridge" and "[g]rab[bing] the fresh battery…and reattach[ing] it to the cartridge."[4]  Moreover, according to blu product user guides, blu cartridges "are designed to be used only with your blu electronic cigarette and should not be used with any other device or for any other application."[5]  As such, Defendant knows that its blu E-Cig Cartridges and blu E-cig Batteries that are sold separately from its Starter Kits have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes at least claims 2 and 3 of the '742 Patent, and therefore that they are especially made or adapted for use in infringement of the '742 Patent.

15.     As a direct and proximate result of the foregoing acts of Defendant,

[2] *See*, e.g., http://www.blucigs.com/how-it-works-starter-pack; http://www.blucigs.com/how-it-works-premium100; and http://www.blucigs.com/how-it-works (last visited March 5, 2014).
[3] *Id.*
[4] *Id.*
[5] *See* Product User Guides, which are available for download under Frequently Asked Question No. 32, found at http://www.blucigs.com/customer-service (last visited March 5, 2014).

the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet determined.  The Plaintiffs are also entitled to their costs of suit and interest.

16.     Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

## SECOND CAUSE OF ACTION

(Infringement of U.S. Patent No. 8,375,957)

17.     The Plaintiffs incorporate by reference the allegations contained in paragraphs 1-8 above.

18.     Fontem Holdings is the owner of the entire right, title, and interest in and to United States Patent No. 8,375,957 ("the '957 Patent") and Fontem Ventures is the exclusive licensee of the '957 Patent.  The '957 Patent was duly and legally issued by the United States Patent Office on February 19, 2013 and is valid, subsisting, and in full force and effect.  A copy of the '957 Patent is attached to the Complaint as Exhibit B.

19.     The Plaintiffs are informed and believe that: Defendant has had knowledge of the '957 Patent, and of the Plaintiffs' rights therein, at least as of February 13, 2014.  On this date, a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the owner of the '957 Patent was filed in a related case.[6]  The Joint Status Report was reviewed and signed by Defendant's counsel.  Defendant shall have additional knowledge of the '957 Patent

_____

[6]*See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472 GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV 12-06268 GAF (FFMx).

1 as of the date of service for the present Complaint.

2   20. The Plaintiffs are informed and believe that: Defendant has directly

3 infringed the '957 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or

4 through its agents, unlawfully and wrongfully making, using, importing, offering to

5 sell, and/or selling electronic cigarette products embodying one or more of the

6 inventions claimed in the '957 Patent, within and/or from the United States without

7 permission or license from the Plaintiffs, and will continue to do so unless enjoined

8 by this Court.  Examples of electronic cigarette products that directly infringe the

9 '957 Patent include, but are not limited to, (1) blu Rechargeable Electronic

10 Cigarettes as found in Starter Kits such as the blu Starter Pack, the blu Premium

11 Starter Kit, the blu Premium100 Starter Kit, and the blu Original Starter Kit; (2) blu

12 Electronic Cigarette Flavor Cartridge refill packs for use with blu eCig Batteries

13 purchased separately or as part of a blu Starter Pack, blu Premium Starter Kit, blu

14 Premium100 Starter Kit, or blu Original Starter Kit; and (3) blu eCig Batteries.

15 Such products infringe at least claims 1, 10, and 23 of the '957 Patent.

16   21. The Plaintiffs are informed and believe that: Defendant has contributed

17 to the infringement of the '957 Patent in violation of at least 35 U.S.C. § 271(c) by,

18 itself and/or through its agents, contributing to the direct infringement of the '957

19 Patent by its customers by unlawfully and wrongfully making, using, importing,

20 offering to sell, and/or selling electronic cigarette components having no

21 substantially non-infringing use, which, when purchased and/or used by its

22 customers, result in direct infringement of one or more embodiments of the

23 inventions claimed in the '957 Patent, within and/or from the United States without

24 permission or license from the Plaintiffs, and will continue to do so unless enjoined

25 by this Court.  Examples of electronic cigarette components that have no substantial

26 noninfringing uses and that contribute to the direct infringement of the '957 Patent

27 include, but are not limited to, (1) blu Electronic Cigarette Flavor Cartridge refill

28 packs ("blu E-Cig Cartridges") for use with blu eCig Batteries purchased separately

or as part of a blu Starter Pack, blu Premium Starter Kit, blu Premium100 Starter Kit, or blu Original Starter Kit; and (2) blu E-cig Batteries.

22.     The Plaintiffs are informed and believe that: Having knowledge of the '957 Patent, Defendant has been aware that its blu E-Cig Cartridges and blu E-cig Batteries, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '957 Patent.  Defendant states on its website that "[w]hen [a] cartridge no longer produces vapor" it should be replaced.[7]  To replace the cartridge, the website teaches users to "hold the battery with one hand and unscrew the cartridge from the battery," and to "take a new cartridge and screw it onto the battery."[8]  It also instructs users to replace an empty battery with a fresh battery by "secur[ing] the cartridge in one hand and unscrew[ing] the battery from the cartridge" and "[g]rab[bing] the fresh battery…and reattach[ing] it to the cartridge."[9]  Moreover, according to blu product user guides, blu cartridges "are designed to be used only with your blu electronic cigarette and should not be used with any other device or for any other application."[10]  As such, Defendant knows that its blu E-Cig Cartridges and blu E-cig Batteries that are sold separately from its Starter Kits have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes at least claims 1, 10, and 23 of the '957 Patent, and therefore that they are especially made or adapted for use in infringement of the '957 Patent.

23.     As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet

---

[7] *See*, e.g., http://www.blucigs.com/how-it-works-starter-pack; http://www.blucigs.com/how-it-works-premium100; and http://www.blucigs.com/how-it-works (last visited March 5, 2014).

[8] *Id.*

[9] *Id.*

[10] *See* Product User Guides, which are available for download under Frequently Asked Question No. 32, found at http://www.blucigs.com/customer-service (last visited March 5, 2014).

1    determined.  The Plaintiffs are also entitled to their costs of suit and interest.

2          24.    Defendant's continuing infringement has inflicted and, unless

3    restrained by this court, will continue to inflict great and irreparable harm upon the

4    Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are

5    entitled to preliminary and permanent injunctions enjoining Defendant from

6    engaging in further acts of infringement.

7                              **THIRD CAUSE OF ACTION**

8                        (Infringement of U.S. Patent No. 8,393,331)

9          25.    The Plaintiffs incorporate by reference the allegations contained in

10   paragraphs 1-8 above.

11         26.    Fontem Holdings is the owner of the entire right, title, and interest in

12   and to United States Patent No. 8,393,331 ("the '331 Patent") and Fontem Ventures

13   is the exclusive licensee of the '331 Patent.  The '331 Patent was duly and legally

14   issued by the United States Patent Office on March 12, 2013 and is valid,

15   subsisting, and in full force and effect.  A copy of the '331 Patent is attached to the

16   Complaint as Exhibit C.

17         27.    The Plaintiffs are informed and believe that: Defendant has had

18   knowledge of the '331 Patent, and of the Plaintiffs' rights therein, at least as of

19   February 13, 2014.  On this date, a Joint Status Report containing an assignment

20   document identifying Plaintiff Fontem Holdings as the owner of the '331 Patent

21   was filed in a related case.[11]  The Joint Status Report was reviewed and signed by

22   Defendant's counsel.  Defendant shall have additional knowledge of the '331 Patent

23   as of the date of service for the present Complaint.

24   _____

25         [11]*See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in
     *Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF
26   (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case
     Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF
27   (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472
     GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV
28   12-06268 GAF (FFMx).

28.     The Plaintiffs are informed and believe that: Defendant has directly infringed the '331 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '331 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.  Examples of electronic cigarette products that directly infringe the '331 Patent include, but are not limited to, (1) blu Rechargeable Electronic Cigarettes as found in Starter Kits such as the blu Starter Pack, the blu Premium Starter Kit, the blu Premium100 Starter Kit, and the blu Original Starter Kit; (2) blu Electronic Cigarette Flavor Cartridge refill packs for use with blu eCig Batteries purchased separately or as part of a blu Starter Pack, blu Premium Starter Kit, blu Premium100 Starter Kit, or blu Original Starter Kit; (3) blu eCig Batteries; and (4) blu Disposable Electronic Cigarettes.  Such products infringe at least claims 1 and 2 of the '331 Patent.

29.     The Plaintiffs are informed and believe that: Defendant has contributed to the infringement of the '331 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '331 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '331 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.  Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '331 Patent include, but are not limited to, (1) blu Electronic Cigarette Flavor Cartridge refill packs ("blu E-Cig Cartridges") for use with blu eCig Batteries purchased separately

or as part of a blu Starter Pack, blu Premium Starter Kit, blu Premium100 Starter Kit, or blu Original Starter Kit; and (2) blu E-cig Batteries.

30.     The Plaintiffs are informed and believe that: Having knowledge of the '331 Patent, Defendant has been aware that its blu E-Cig Cartridges and blu E-cig Batteries, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '331 Patent.  Defendant states on its website that "[w]hen [a] cartridge no longer produces vapor" it should be replaced. [12]  To replace the cartridge, the website teaches users to "hold the battery with one hand and unscrew the cartridge from the battery," and to "take a new cartridge and screw it onto the battery."[13]  It also instructs users to replace an empty battery with a fresh battery by "secur[ing] the cartridge in one hand and unscrew[ing] the battery from the cartridge" and "[g]rab[bing] the fresh battery…and reattach[ing] it to the cartridge."[14]  Moreover, according to blu product user guides, blu cartridges "are designed to be used only with your blu electronic cigarette and should not be used with any other device or for any other application."[15]  As such, Defendant knows that its blu E-Cig Cartridges and blu E-cig Batteries that are sold separately from its Starter Kits have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes at least at least claims 1 and 2 of the '331 Patent, and therefore that they are especially made or adapted for use in infringement of the '331 Patent.

31.     As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet

---

[12] *See*, e.g., http://www.blucigs.com/how-it-works-starter-pack; http://www.blucigs.com/how-it-works-premium100; and http://www.blucigs.com/how-it-works (last visited March 5, 2014).
[13] *Id*.
[14] *Id*.
[15] *See* Product User Guides, which are available for download under Frequently Asked Question No. 32, found at http://www.blucigs.com/customer-service (last visited March 5, 2014).

1  determined.  The Plaintiffs are also entitled to their costs of suit and interest.

2      32.    Defendant's continuing infringement has inflicted and, unless

3  restrained by this court, will continue to inflict great and irreparable harm upon the

4  Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are

5  entitled to preliminary and permanent injunctions enjoining Defendant from

6  engaging in further acts of infringement.

7  **FOURTH CAUSE OF ACTION**

8  (Infringement of U.S. Patent No. 8,490,628)

9      33.    The Plaintiffs incorporate by reference the allegations contained in

10  paragraphs 1-8 above.

11      34.    Fontem Holdings is the owner of the entire right, title, and interest in

12  and to United States Patent No. 8,490,628 ("the '628 Patent") and Fontem Ventures

13  is the exclusive licensee of the '628 Patent.  The '628 Patent was duly and legally

14  issued by the United States Patent Office on July 23, 2013 and is valid, subsisting,

15  and in full force and effect.  A copy of the '628 Patent is attached to the Complaint

16  as Exhibit D.

17      35.    The Plaintiffs are informed and believe that: Defendant has had

18  knowledge of the '628 Patent, and of the Plaintiffs' rights therein, at least as of

19  February 13, 2014.  On that date, a Joint Status Report containing an assignment

20  document identifying Plaintiff Fontem Holdings as the owner of the '628 Patent

21  was filed in a related case.[16]  The Joint Status Report was reviewed and signed by

22  Defendant's counsel.  Defendant shall have additional knowledge of the '628 Patent

23  as of the date of service for the present Complaint.

24  _____

25  [16]*See* Joint Status Report filed February 13, 2014 (Dkt. No. 63, Exh. A) in
*Ruyan Investment Holdings Limited v. Sottera, Inc.*, Case No. CV 12-05454 GAF
26  (FFMx) (C.D. Cal.), which is consolidated for purposes of discovery with Case
Nos. CV 12-05455 GAF (FFMx), CV 12-05456 GAF (FFMx), CV 12-05462 GAF
27  (FFMx), CV 12-05466 GAF (FFMx), CV 12-05468 GAF (FFMx), CV 12-05472
GAF (FFMx), CV 12-05477 GAF (FFMx), CV 12-05482 GAF (FFMx), and CV
28  12-06268 GAF (FFMx).

36.     The Plaintiffs are informed and believe that: Defendant has directly infringed the '628 Patent in violation of at least 35 U.S.C. § 271(a) by, itself and/or through its agents, unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette products embodying one or more of the inventions claimed in the '628 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.  Examples of electronic cigarette products that directly infringe the '628 Patent include, but are not limited to, (1) blu Rechargeable Electronic Cigarettes as found in Starter Kits such as the blu Starter Pack, the blu Premium Starter Kit, the blu Premium100 Starter Kit, and the blu Original Starter Kit; (2) blu Electronic Cigarette Flavor Cartridge refill packs for use with blu eCig Batteries purchased separately or as part of a blu Starter Pack, blu Premium Starter Kit, blu Premium100 Starter Kit, or blu Original Starter Kit; (3) blu eCig Batteries; and (4) blu Disposable Electronic Cigarettes.  Such products infringe at least claims 1, 7, and 8 of the '628 Patent.

37.     The Plaintiffs are informed and believe that: Defendant has contributed to the infringement of the '628 Patent in violation of at least 35 U.S.C. § 271(c) by, itself and/or through its agents, contributing to the direct infringement of the '628 Patent by its customers by unlawfully and wrongfully making, using, importing, offering to sell, and/or selling electronic cigarette components having no substantially non-infringing use, which, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '628 Patent, within and/or from the United States without permission or license from the Plaintiffs, and will continue to do so unless enjoined by this Court.  Examples of electronic cigarette components that have no substantial noninfringing uses and that contribute to the direct infringement of the '628 Patent include, but are not limited to, (1) blu Electronic Cigarette Flavor Cartridge refill packs ("blu E-Cig Cartridges") for use with blu eCig Batteries purchased separately

or as part of a blu Starter Pack, blu Premium Starter Kit, blu Premium100 Starter Kit, or blu Original Starter Kit; and (2) blu E-cig Batteries.

38.     The Plaintiffs are informed and believe that: Having knowledge of the '628 Patent, Defendant has been aware that its blu E-Cig Cartridges and blu E-cig Batteries, when purchased and/or used by its customers, result in direct infringement of one or more embodiments of the inventions claimed in the '628 Patent.  Defendant states on its website that "[w]hen [a] cartridge no longer produces vapor" it should be replaced. [17]  To replace the cartridge, the website teaches users to "hold the battery with one hand and unscrew the cartridge from the battery," and to "take a new cartridge and screw it onto the battery."[18]  It also instructs users to replace an empty battery with a fresh battery by "secur[ing] the cartridge in one hand and unscrew[ing] the battery from the cartridge" and "[g]rab[bing] the fresh battery…and reattach[ing] it to the cartridge."[19]  Moreover, according to blu product user guides, blu cartridges "are designed to be used only with your blu electronic cigarette and should not be used with any other device or for any other application."[20]  As such, Defendant knows that its blu E-Cig Cartridges and blu E-cig Batteries that are sold separately from its Starter Kits have no substantial non-infringing uses other than to provide users with the ability to assemble and use an electronic cigarette that infringes at least claims 1, 7, and 8 of the '628 Patent, and therefore that they are especially made or adapted for use in infringement of the '628 Patent.

39.     As a direct and proximate result of the foregoing acts of Defendant, the Plaintiffs have suffered, and are entitled to, monetary damages in an amount not yet

---

[17] *See*, e.g., http://www.blucigs.com/how-it-works-starter-pack; http://www.blucigs.com/how-it-works-premium100; and http://www.blucigs.com/how-it-works (last visited March 5, 2014).

[18] *Id*.

[19] *Id*.

[20] *See* Product User Guides, which are available for download under Frequently Asked Question No. 32, found at http://www.blucigs.com/customer-service (last visited March 5, 2014).

determined.  The Plaintiffs are also entitled to their costs of suit and interest.

40.     Defendant's continuing infringement has inflicted and, unless restrained by this court, will continue to inflict great and irreparable harm upon the Plaintiffs.  The Plaintiffs have no adequate remedy at law.  The Plaintiffs are entitled to preliminary and permanent injunctions enjoining Defendant from engaging in further acts of infringement.

## PRAYER FOR RELIEF

The Plaintiffs request entry of judgment that:

A.     The '742 Patent, the '957 Patent, the '331 Patent, and the '628 Patent are valid and enforceable;

B.     Defendant is liable for infringement of the '742 Patent, the '957 Patent, the '331 Patent, and the '628 Patent under at least the provisions of 35 U.S.C. § 271(a) and/or (c);

C.     Defendant and all affiliates, subsidiaries, officers, employees, agents, representatives, licensees, successors, assigns, and all those acting in concert with, or for or on behalf of Defendant, shall be enjoined from infringing the '742 Patent, the '957 Patent, the '331 Patent, and the '628 Patent;

D.     Defendant shall pay damages to the Plaintiffs resulting from Defendant's patent infringement pursuant to 35 U.S.C. § 284;

E.     The Plaintiffs be entitled to prejudgment interest and post-judgment interest on the damages; and

////

////

////

////

////

////

////

Complaint for Patent Infringement

1       The Plaintiffs be awarded such other and further relief, in law or in equity, as

2 the Court deems just, equitable or appropriate.

3

4 DATED: March 5, 2014                   Respectfully submitted,

5                                  **PERKINS COIE LLP**

6

7                                  By: */s/Michael J. Wise*
                                      Michael J. Wise

8                                 Attorneys for Plaintiff
9                                 *FONTEM VENTURES B.V.* and
                                *FONTEM HOLDINGS 1 B.V.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiffs Fontem Ventures and Fontem Holdings hereby demand a trial by jury of all issues triable by a jury.

DATED:  March 5, 2014

**PERKINS COIE** LLP

By: _/s/Michael J. Wise_
    Michael J. Wise

Attorneys for Plaintiff
_FONTEM VENTURES B.V._ and
_FONTEM HOLDINGS 1 B.V._

-16-

CV14-1648

Complaint for Patent Infringement