**DYKEMA GOSSETT LLP**
Allan Gabriel (SBN: 76477)
*agabriel@dykema.com*
Walead Esmail (SBN: 266632)
*wesmail@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendant and Counterclaimant
LOEC, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FONTEM VENTURES B.V., a Netherlands company; and FONTEM HOLDINGS 1 B.V., a Netherlands company,

Plaintiffs,

v.

LOEC, INC. dba blu ecigs, a Delaware corporation, and DOES 1-5, Inclusive,

Defendants.

---

LOEC, INC.,

Counterclaimant,

v.

FONTEM VENTURES B.V., a Netherlands company; and FONTEM HOLDINGS 1 B.V., a Netherlands company,

Counter-defendants.

Case No. 2:14-cv-01648-GW-MRW

Assigned to Hon. George H. Wu
Magistrate Judge Michael R. Wilner

**DEFENDANT LOEC, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT; COUNTERCLAIM OF LOEC, INC.**

**DEMAND FOR JURY**

Complaint Filed: March 5, 2014
1st Amended Complaint: April 8, 2014
Counterclaim: May 2, 2014

Defendant LOEC, Inc. ("LOEC"), by and through its undersigned counsel, hereby answers the First Amended Complaint ("FAC") of Plaintiffs Fontem Ventures B.V. ("Fontem Ventures") and Fontem Holdings 1 B.V. ("Fontem Holdings") (collectively, "Plaintiffs") as follows:

**JURISIDCTION AND VENUE**

1. In response to the allegations of paragraph 1 of the FAC, LOEC admits that this purports to be a civil action for patent infringement arising under the patent laws of the United States35 U.S.C. §§ 101, et seq. and § 271. LOEC denies that it has infringed Fontem Ventures' alleged rights in U.S. Patent Nos. 8,365,742 ("the '742 Patent"), 8,375,957 ("the '957 Patent"), 8,393,331 ("the '331 Patent"), 8,490,628 ("the '628 Patent"), and 8,689,805 ("the'805 Patent") (collectively, the "Patents-In-Suit") and further deny that Plaintiffs are entitled to monetary damages or other relief they seek against LOEC.

2. The allegations of paragraph 2 of the FAC are legal conclusions requiring no response from LOEC. To the extent Paragraph 2 alleges facts, LOEC admits that if Plaintiffs were to have standing to assert the Patents-in-Suit in their own names, this Court would have subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States. LOEC denies the remaining allegations of Paragraph 2.

3. The allegations of paragraph 3 of the FAC are legal conclusions requiring no response from LOEC. To the extent Paragraph 3 alleges facts, LOEC admits that it solicits and conducts business in California, including through the internet, and derives revenue from goods sold in California and within this District. LOEC denies the remaining allegations of Paragraph 3.

4. The allegations of paragraph 4 of the FAC are legal conclusions requiring no response from LOEC.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## PARTIES

5. LOEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the FAC, and on that basis, denies them.

6. LOEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the FAC, and on that basis, denies them.

7. In response to the allegations of paragraph 7 of the FAC, LOEC admits that it is a corporation organized under the laws of the State of Delaware and that it conducts business in this District. LOEC denies that its principal place of business is in the City of Greensboro, North Carolina and alleges that its principal place of business is 9101 Southern Pine Boulevard, Suite 250, Charlotte, North Carolina 28273.

8. LOEC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the FAC, and on that basis, denies them.

## FIRST CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 8,365,742)

9. LOEC hereby restates and incorporates by reference its responses to paragraphs 1-8 as though fully set forth herein.

10. LOEC admits that what appears to be a copy of United States Patent No. 8,365,742 is attached as Exhibit A to the FAC, but alleges that it speaks for itself. LOEC denies that the '742 Patent was duly and legally issued by the Patent and Trademark Office. LOEC lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 of the FAC, and on that basis, denies them.

11. In response to the allegations of paragraph 11 of the FAC, LOEC admits that it has had knowledge of the '742 Patent at least as of February 13, 2014, when LOEC's counsel reviewed and signed a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the purported owner of the '742

Patent, and as of the date of service for the present Complaint. LOEC denies that the '742 Patent is valid or that Plaintiff Fontem Holdings has any enforceable rights in it.

12. In response to the allegations of paragraph 12 of the FAC, LOEC admits that it sells blu Rechargeable Electronic Kits, blu Starter Packs, blu Premium Packs, blu Premium 100 Packs, blu Original Starter Packs, blu eCig Batteries, and blu Disposable Electronic Cigarettes. LOEC denies the remaining allegations in paragraph 12 of the FAC.

13. In response to the allegations of paragraph 13 of the FAC, LOEC admits that it sells blu E-Cig Cartridges, blu Starter Packs, blu Premium Packs, blu Premium 100 Packs, blu Original Starter Packs, and blu eCig Batteries. LOEC denies the remaining allegations in paragraph 13 of the FAC.

14. In response to the allegations of paragraph 14 of the FAC, LOEC states that its website speaks for itself. LOEC denies the remaining allegations in paragraph 14 of the FAC.

15. LOEC denies the allegations in paragraph 15 of the FAC.

16. LOEC denies the allegations in paragraph 16 of the FAC.

**SECOND CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 8,375,957)**

17. LOEC hereby restates and incorporates by reference its responses to paragraphs 1-16 as though fully set forth herein.

18. LOEC admits that what appears to be a copy of United States Patent No. 8,375,957 is attached as Exhibit B to the FAC, but alleges that it speaks for itself. LOEC lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 of the FAC, and on that basis, denies them.

19. In response to the allegations of paragraph 19 of the FAC, LOEC admits that it has had knowledge of the '957 Patent at least as of February 13, 2014, when LOEC's counsel reviewed and signed a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the purported owner of the '957

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

Patent, and as of the date of service for the present Complaint. LOEC denies that the '957 Patent is valid or that Plaintiff Fontem Holdings has any enforceable rights in it.

20. LOEC denies the allegations in paragraph 20 of the FAC.

21. LOEC denies the allegations in paragraph 21 of the FAC.

22. LOEC denies the allegations in paragraph 22 of the FAC.

23. LOEC denies the allegations in paragraph 23 of the FAC.

24. LOEC denies the allegations in paragraph 24 of the FAC.

## THIRD CLAIM FOR RELIEF

## (Infringement of U.S. Patent No. 8,393,331)

25. LOEC hereby restates and incorporates by reference its responses to paragraphs 1-24 as though fully set forth herein.

26. LOEC admits that what appears to be a copy of United States Patent No. 8,393,331 is attached as Exhibit C to the FAC, but alleges that it speaks for itself. LOEC lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26 of the FAC, and on that basis, denies them.

27. In response to the allegations of paragraph 27 of the FAC, LOEC admits that it has had knowledge of the '331 Patent at least as of February 13, 2014, when LOEC's counsel reviewed and signed a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the purported owner of the '331 Patent, and as of the date of service for the present Complaint. LOEC denies that the '331 Patent is valid or that Plaintiff Fontem Holdings has any enforceable rights in it.

28. LOEC denies the allegations in paragraph 28 of the FAC.

29. LOEC denies the allegations in paragraph 29 of the FAC.

30. LOEC denies the allegations in paragraph 30 of the FAC.

31. LOEC denies the allegations in paragraph 31 of the FAC.

32. LOEC denies the allegations in paragraph 32 of the FAC.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**FOURTH CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 8,490,628)**

33. LOEC hereby restates and incorporates by reference its responses to paragraphs 1-32 as though fully set forth herein.

34. LOEC admits that what appears to be a copy of United States Patent No. 8,490,628 is attached as Exhibit D to the FAC, but alleges that it speaks for itself. LOEC lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 34 of the FAC, and on that basis, denies them.

35. In response to the allegations of paragraph 35 of the FAC, LOEC admits that it has had knowledge of the '628 Patent at least as of February 13, 2014, when LOEC's counsel reviewed and signed a Joint Status Report containing an assignment document identifying Plaintiff Fontem Holdings as the purported owner of the '628 Patent, and as of the date of service for the present Complaint. LOEC denies that the '628 Patent is valid or that Plaintiff Fontem Holdings has any enforceable rights in it.

36. LOEC denies the allegations in paragraph 36 of the FAC.

37. LOEC denies the allegations in paragraph 37 of the FAC.

38. LOEC denies the allegations in paragraph 38 of the FAC.

39. LOEC denies the allegations in paragraph 39 of the FAC.

40. LOEC denies the allegations in paragraph 40 of the FAC.

**FIFTH CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 8,689,805)**

41. LOEC hereby restates and incorporates by reference its responses to paragraphs 1-40 as though fully set forth herein.

42. LOEC admits that what appears to be a copy of United States Patent No. 8,689,805 is attached as Exhibit D to the FAC, but alleges that it speaks for itself. LOEC lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 of the FAC, and on that basis, denies them.

43. In response to the allegations of paragraph 43 of the FAC, LOEC admits that it has had knowledge of the '805 Patent at least as of the date of service for the present Complaint. LOEC denies that the '805 Patent is valid or that Plaintiffs have any enforceable rights in it.

44. LOEC denies the allegations in paragraph 44 of the FAC.

45. LOEC denies the allegations in paragraph 45 of the FAC.

46. LOEC denies the allegations in paragraph 46 of the FAC.

**RESPONSE TO PLAINTIFFS' REQUEST FOR JUDGMENT**

Answering Plaintiffs' request for judgment, LOEC denies that it infringes or has infringed any valid and enforceable claim of the Patents-in-Suit. LOEC denies that Plaintiffs are entitled to any relief requested against LOEC, including damages, interest costs, disbursements, an accounting, attorneys' fees, expenses or other relief of any kind.

**AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to Plaintiffs' FAC, and without admitting any of Plaintiffs' allegations or conceding the burden of proof found to be an element of any of Plaintiffs' claims rather than an element of an affirmative defense as a matter of law, LOEC asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. The allegations and claims in the FAC, in whole or in part, fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Noninfringement)**

2. LOEC does not, and has not, directly or indirectly infringed any valid claim of the Patents-In-Suit, either literally or under the doctrine of equivalents.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**THIRD AFFIRMATIVE DEFENSE**

**(Invalidity)**

3. All of the asserted claims of the '742 Patent, the '957 Patent, the '331 Patent, the '628 Patent, and the '805 Patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

4. Upon information and belief, Plaintiffs' claims are barred, in whole or in part, under the doctrine(s) of laches, equitable estoppel, acquiescence, and/or waiver.

**FIFTH AFFIRMATIVE DEFENSE**

**(Patent Marking and Notice)**

5. Upon information and belief, Plaintiffs' claims are limited, in whole or in part, by failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

**SIXTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

6. Upon information and belief, by reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the applications which resulted in the Patents-In-Suit, and by reasons of amendments, disclaimers, disavowals, admissions, representations, arguments, and/or statements made therein by or on behalf of the applicants for the Patents-In-Suit, Plaintiffs are estopped from construing the claims of the Patents-In-Suit to cover and/or include any acts of LOEC.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## SEVENTH AFFIRMATIVE DEFENSE

## (Adequate Remedy at Law)

7. Although LOEC denies that Plaintiffs are entitled to any relief in this action, Plaintiffs' request for an injunction or other equitable relief is additionally barred because Plaintiffs have an adequate remedy at law.

## OTHER DEFENSES

8. LOEC reserves their right to assert additional defenses, whether available now or in the future, as discovery proceeds.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counterclaimant LOEC, Inc. ("LOEC"), allege the following against Plaintiffs and Counter-Defendants Fontem Ventures B.V. ("Fontem Ventures") and Fontem Holdings 1 B.V. ("Fontem Holdings") (collectively, "Fontem"):

## PARTIES

1. LOEC is a Delaware corporation with its principal place of business at 9101 Southern Pine Boulevard, Suite 250, Charlotte North Carolina 28273.

2. Plaintiff Fontem Ventures has alleged in its Complaint that it is a company organized under the laws of the Netherlands and has its principal place of business at 12th Floor, 101 Barbara Strozzilaan, 1083 HN Amsterdam, the Netherlands.

3. Plaintiff Fontem Holdings has alleged in its Complaint that it is a company organized under the laws of the Netherlands and has its principal place of business at 12th Floor, 101 Barbara Strozzilaan, 1083 HN Amsterdam, the Netherlands.

## JURISDICTION AND VENUE

4. Subject to the affirmative defenses and denials set forth above, this Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

5. Fontem has submitted to the personal jurisdiction of this Court by, without limitation, bringing the present action alleging infringement of the Patents-in-Suit.

6. To the extent the underlying action brought by Fontem against LOEC proceeds in this judicial district, then venue as to these counterclaims is proper in this judicial district pursuant to, without limitation, 28 U.S.C. §§ 1391(b) and 1391(c).

7. LOEC denies infringement of the Patents-in-Suit.

8. An actual controversy has arisen an now exists between LOEC and Fontem as to the non-infringement, invalidity and enforcement of the Patents-in-Suit.

## COUNTERCLAIM COUNT ONE

### (Declaratory Judgment of Non-infringement of U.S. Patent No. 8,365,742)

9. LOEC Counterclaimantrepeats and re-alleges the allegations of the preceding paragraphs 1-8 of these Counterclaims as if fully set forth herein.

10. Fontem purports to be the owner and assignee of all right, title and interest in and to U.S. Patent Number 8,365,742. Fontem has sued LOEC in the present action, alleging infringement of the '742 Patent.

11. LOEC is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, contributorily, or in any way, any valid, enforceable claim of the '742 patent.

12. Thus, an immediate, real and justiciable controversy exists between Fontem, on the one hand, and LOEC, on the other hand, with respect to the alleged infringement of the '742 Patent.

13. LOEC is entitled to declaratory judgment that it has not and do not infringe, directly or indirectly, any valid, enforceable claim of the '742 patent.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**COUNTERCLAIM COUNT TWO**

**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent Number 8,365,742)**

14. LOEC repeats and re-alleges the allegations of the preceding paragraphs 1-13 of these Counterclaims as if fully set forth herein.

15. Fontem purports to be the owner and assignee of all right, title and interest in and to the '742 Patent. Fontem has sued LOEC in the present action alleging infringement of the '742 patent.

16. LOEC denies the '742 Patent is valid and asserts that the claims of the '742 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and 112.

17. The claims of the '742 Patent are also unenforceable for at least the reasons stated in LOEC's defenses, herein incorporated by reference.

18. Thus an immediate, real and justiciable controversy exists between Fontem, on the one hand, and LOEC, on the other hand, with respect to the alleged validity or enforceability of the '742 Patent.

19. LOEC is entitled to a declaratory judgment that the claims of the '742 Patent are invalid and unenforceable.

**COUNTERCLAIM COUNT THREE**

**(Declaratory Judgment of Non-infringement of U.S. Patent No. 8,375,957)**

20. LOEC repeats and re-alleges the allegations of the preceding paragraphs 1-19 of these Counterclaims as if fully set forth herein.

21. Fontem purports to be the owner and assignee of all right, title and interest in and to U.S. Patent Number 8,375,957. Fontem has sued LOEC in the present action, alleging infringement of the '957 Patent.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

22. LOEC is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, contributorily, or in any way, any valid, enforceable claim of the '957 patent.

23. Thus, an immediate, real and justiciable controversy exists between Fontem, on the one hand, and LOEC, on the other hand, with respect to the alleged infringement of the '957 Patent.

24. LOEC is entitled to declaratory judgment that it has not and do not infringe, directly or indirectly, any valid, enforceable claim of the '957 patent.

## COUNTERCLAIM COUNT FOUR

## (Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent Number 8,375,957)

25. LOEC repeats and re-alleges the allegations of the preceding paragraphs 1-24 of these Counterclaims as if fully set forth herein.

26. Fontem purports to be the owner and assignee of all right, title and interest in and to the '957 Patent. Fontem has sued LOEC in the present action alleging infringement of the '957 patent.

27. LOEC denies the '957 Patent is valid and asserts that the claims of the '957 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and 112.

28. The claims of the '957 Patent are also unenforceable for at least the reasons stated in LOEC's defenses, herein incorporated by reference.

29. Thus an immediate, real and justiciable controversy exists between Fontem, on the one hand, and LOEC, on the other hand, with respect to the alleged validity or enforceability of the '957 Patent.

30. LOEC is entitled to a declaratory judgment that the claims of the '957 Patent are invalid and unenforceable.

DYKEMA GOSSETT LLP
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071

**COUNTERCLAIM COUNT FIVE**

**(Declaratory Judgment of Non-infringement of U.S. Patent No. 8,393,331)**

31. LOEC repeats and re-alleges the allegations of the preceding paragraphs 1-30 of these Counterclaims as if fully set forth herein.

32. Fontem purports to be the owner and assignee of all right, title and interest in and to U.S. Patent Number 8,393,331. Fontem has sued LOEC in the present action, alleging infringement of the '331 Patent.

33. LOEC is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, contributorily, or in any way, any valid, enforceable claim of the '331 patent.

34. Thus, an immediate, real and justiciable controversy exists between Fontem, on the one hand, and LOEC, on the other hand, with respect to the alleged infringement of the '331 Patent.

35. LOEC is entitled to declaratory judgment that it has not and do not infringe, directly or indirectly, any valid, enforceable claim of the '331 patent.

**COUNTERCLAIM COUNT SIX**

**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent Number 8,393,331)**

36. LOEC repeats and re-alleges the allegations of the preceding paragraphs 1-35 of these Counterclaims as if fully set forth herein.

37. Fontem purports to be the owner and assignee of all right, title and interest in and to the '331 Patent. Fontem has sued LOEC in the present action alleging infringement of the '331 patent.

38. LOEC denies the '331 Patent is valid and asserts that the claims of the '331 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and 112.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

39. The claims of the '331 Patent are also unenforceable for at least the reasons stated in LOEC's defenses, herein incorporated by reference.

40. Thus an immediate, real and justiciable controversy exists between Fontem, on the one hand, and LOEC, on the other hand, with respect to the alleged validity or enforceability of the '331 Patent.

41. LOEC is entitled to a declaratory judgment that the claims of the '331 Patent are invalid and unenforceable.

**COUNTERCLAIM COUNT SEVEN**

**(Declaratory Judgment of Non-infringement of U.S. Patent No. 8,490,628)**

42. LOEC repeats and re-alleges the allegations of the preceding paragraphs 1-41 of these Counterclaims as if fully set forth herein.

43. Fontem purports to be the owner and assignee of all right, title and interest in and to U.S. Patent Number 8,490,628. Fontem has sued LOEC in the present action, alleging infringement of the '628 Patent.

44. LOEC is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, contributorily, or in any way, any valid, enforceable claim of the '628 patent.

45. Thus, an immediate, real and justiciable controversy exists between Fontem, on the one hand, and LOEC, on the other hand, with respect to the alleged infringement of the '628 Patent.

46. LOEC is entitled to declaratory judgment that it has not and do not infringe, directly or indirectly, any valid, enforceable claim of the '628 Patent.

**COUNTERCLAIM COUNT EIGHT**

**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent Number 8,490,628)**

47. LOEC repeats and re-alleges the allegations of the preceding paragraphs 1-46 of these Counterclaims as if fully set forth herein.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

48. Fontem purports to be the owner and assignee of all right, title and interest in and to the ''628 Patent. Fontem has sued LOEC in the present action alleging infringement of the '628 patent.

49. LOEC denies the '628 Patent is valid and asserts that the claims of the '628 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and 112.

50. The claims of the '628 Patent are also unenforceable for at least the reasons stated in LOEC's defenses, herein incorporated by reference.

51. Thus an immediate, real and justiciable controversy exists between Fontem, on the one hand, and LOEC, on the other hand, with respect to the alleged validity or enforceability of the '628 Patent.

52. LOEC is entitled to a declaratory judgment that the claims of the '628 Patent are invalid and unenforceable.

**COUNTERCLAIM COUNT NINE**

**(Declaratory Judgment of Non-infringement of U.S. Patent No. 8,689,805)**

53. LOEC repeats and re-alleges the allegations of the preceding paragraphs 1-52 of these Counterclaims as if fully set forth herein.

54. Fontem purports to be the owner and assignee of all right, title and interest in and to U.S. Patent Number 8,689,805. Fontem has sued LOEC in the present action, alleging infringement of the '805 Patent.

55. LOEC is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly, contributorily, or in any way, any valid, enforceable claim of the '805 patent.

56. Thus, an immediate, real and justiciable controversy exists between Fontem, on the one hand, and LOEC, on the other hand, with respect to the alleged infringement of the '805 Patent.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

57. LOEC is entitled to declaratory judgment that it has not and do not infringe, directly or indirectly, any valid, enforceable claim of the '805 Patent.

**COUNTERCLAIM COUNT TEN**

**(Declaratory Judgment of Invalidity and Unenforceability of U.S. Patent Number 8,689,805)**

58. LOEC repeats and re-alleges the allegations of the preceding paragraphs 1-57 of these Counterclaims as if fully set forth herein.

59. Fontem purports to be the owner and assignee of all right, title and interest in and to the '805 Patent. Fontem has sued LOEC in the present action alleging infringement of the '805 Patent.

60. LOEC denies the '805 Patent is valid and asserts that the claims of the '805 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103 and 112.

61. The claims of the '805 Patent are also unenforceable for at least the reasons stated in LOEC's defenses, herein incorporated by reference.

62. Thus an immediate, real and justiciable controversy exists between Fontem, on the one hand, and LOEC, on the other hand, with respect to the alleged validity or enforceability of the '805 Patent.

63. LOEC is entitled to a declaratory judgment that the claims of the '805 Patent are invalid and unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, LOEC, Inc. prays for judgment as follows:

A. That Plaintiffs take nothing by their First Amended Complaint and that judgment be entered in favor of LOEC, Inc.;

B. That this Court dismiss Plaintiffs' First Amended Complaint with prejudice;

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

C. That the Court find and declare that the LOEC, Inc. has not infringed and does not infringe in any manner any valid, enforceable claim of the Patents-in-Suit;

D. That the Court find and declare that each claim of the Patents-in-Suit is invalid, void, unenforceable, and without any force or effect against LOEC, Inc. and its officers, employees, agents and attorneys, or any of them;

E. That the Court find and declare this to be an exceptional case under 35 U.S.C. § 285, and that the Court award LOEC, Inc. its reasonable attorneys' fees;

C. That LOEC, Inc. be awarded its costs and expenses associated with this action; and

D. That the Court grant such other relief as the Court deems just and appropriate.

E. LOEC, Inc. hereby reserves its right to amend its Answer as additional information becomes available and additional defenses become apparent.

Dated: May 2, 2014

DYKEMA GOSSETT LLP

By: /s/ Allan Gabriel
Allan Gabriel
Walead Esmail
Attorneys For Defendant and Counterclaimant
LOEC, INC.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE, SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Counterclaimant LOEC demands a trial by jury on all issues properly triable to a jury.

Dated: May 2, 2014

DYKEMA GOSSETT LLP

By: */s/ Allan Gabriel*
Allan Gabriel
Walead Esmail
Attorneys For Defendant and Counterclaimant
LOEC, INC.